IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

K.O.D.

      Plaintiff,

v.     No. 2:25-cv-00391-DHU-GBW

KRISTI NOEM, Secretary of the Department
of Homeland Security; and

TODD LYONS, Acting Director of the
Immigration and Customs Enforcement

      Defendants.

## TEMPORARY RESTRAINING ORDER

**THIS MATTER** comes before the Court on Plaintiff K.O.D.'s Emergency Motion for Temporary Restraining Order ("TRO") (Doc. 3) pursuant to Rule 65(b) of the Federal Rules of Civil Procedure. Plaintiff seeks to enjoin Defendants from terminating his F-1 student status under the Student Exchange Visitor System ("SEVIS") and to require Defendants Kristi Noem, Secretary of Homeland Security ("DHS"), and Todd Lyons, Acting Director of the Immigration and Customs Enforcement ("ICE") (collectively "Defendants") to set aside their termination determination. The Court held a hearing on the request for a TRO on April 25, 2025. At the hearing, the Court heard argument from Plaintiff and Defendants. After careful consideration of the applicable law and the record in this case, the Court determines that it will GRANT Plaintiff's Motion and will issue an Order temporarily enjoining Defendants from terminating his F-1 student status under the SEVIS and, if necessary, requiring Defendants to set aside Plaintiff's termination determination.

To obtain a temporary restraining order, Plaintiffs must show: "(1) the moving party will suffer irreparable injury unless the injunction issues; (2) the threatened injury to the moving party

outweighs whatever damage the proposed injunction may cause the opposing party; (3) the injunction, if issued, would not be adverse to the public interest; and (4) there is a substantial likelihood that the moving party will eventually prevail on the merits." *Resolution Trust Corp. v. Cruce*, 972 F.2d 1195, 1198 (10th Cir. 1992). "The likelihood-of-success and irreparable-harm factors are 'the most critical' in the analysis." *People's Tr. Fed. Credit Union v. Nat'l Credit Union Admin. Bd.*, 350 F. Supp. 3d 1129, 1139 (D.N.M. 2018) (quoting *Nken v. Holder*, 556 U.S. 418, 434 (2009)). "[W]hen an alleged constitutional right is involved, most courts hold that no further showing of irreparable injury is necessary." *Awad v. Ziriax*, 670 F.3d 1111, 1131 (10th Cir.2012).

Plaintiff argues that termination of his F-1 student status under the SEVIS system was unlawful because it violates the Due Process Clause of the Fifth Amendment under the Constitution (Count 1) and second, that the termination violates the Administrative Procedure Act, 5 U.S.C. § 706(2)(A) as arbitrary, capricious, an abuse of discretion, and otherwise not in accordance with the law, including 8 C.F.R. § 214.1(d) (Count 2). Doc. 3 at 7-8. Plaintiff explains he will suffer irreparable harm because Defendants' termination determination places Plaintiff at risk of detention and deportation because of the unlawful presence stemming from the termination, and imposes extreme financial hardship on Plaintiff because Defendants' termination determination has resulted in suspension of his financial aid and contract with the New Mexico Institute of Mining and Technology. *Id.* at 10-11.

The Court hereby finds that Plaintiff has demonstrated a likelihood of success on the merits of his claims in Counts 1 and 2 of the Complaint for Declaratory and Injunctive Relief; that Plaintiff is likely to suffer irreparable harm if the order is not granted; that the potential harm to the Plaintiff if the order is not granted outweighs the potential harm to Defendants if the order is granted; and that the issuance of this order is in the public interest.

**IT IS THEREFORE ORDERED BY THE COURT** that Defendants Kristi Noem, Secretary of the Department of Homeland Security, and Todd Lyons, Acting Director of the Immigration and Customs Enforcement (collectively "Defendants"), are **ENJOINED** from terminating Plaintiff's F-1 student status under the SEVIS. In addition, Defendants are **REQUIRED** to set aside Plaintiff's termination of Plaintiff's Status under SEVIS. The Court also **ENJOINS** Defendants from detaining or deporting Plaintiff while the Temporary Restraining Order is in place.

This Court further waives the requirement for security under Fed. R. Civ. P. 65(c).

This Temporary Restraining Order shall take effect immediately upon entry of this Order and shall remain in effect for 14 days absent further order of the Court.

**IT IS SO ORDERED.**

_____
HONORABLE DAVID H. URIAS
UNITED STATES DISTRICT JUDGE

3